FILED

09/08/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0421

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0421

FILED

SEP 07 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JAMES C. OLIVIERI,

Petitioner,

v.

ORDER

BRAD NEWMAN and
BOARD OF PARDONS AND PAROLE,

Respondent.

James Charles Olivieri demands that he be given a full copy of all his mental health evaluations from the Board of Pardons and Parole (Board) in his recently filed petition for a writ of habeas corpus. Olivieri explains that he requested copies of these evaluations from the Board after his appearance this year and that he received a letter denying his access to these evaluations. He includes a copy of the Board's letter.

Habeas corpus affords an applicant an opportunity to challenge collaterally the legality of their present incarceration. Section 46-22-101(1), MCA; *Lott v. State*, 2006 MT 279, ¶ 14, 334 Mont. 270, 150 P.3d 337. Olivieri's present incarceration is due to the Board's denial of his parole. His remedy is not with this Court.

Upon review of the Board's letter, Olivieri has a remedy to review these mental health evaluations. The Board, through member Brad Newman, explained that Olivieri has a right to view his parole file, pursuant to Admin. R. M. 20.25.103 (2012). Admin. R. M. 20.25.103(11) (2012) provides that:

> An offender may request to view his/her individual parole file by making a request in writing. Board staff will provide the offender an opportunity to inspect the file except for information deemed confidential. An offender may not request to view his/her file any more frequently than annually unless extenuating circumstances exist. If the offender making the request has previously reviewed his/her file, only the information added to the file since the previous review will be provided unless the offender presents circumstances that justify a complete review.

Olivieri should put his request to view his file in writing and submit it to the Board to see his evaluations.

Olivieri has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Olivieri's petition for a writ of habeas corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to James C. Olivieri personally.

DATED this 7 day of September, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices